## ANTHONY D. BYLES *vs.* JACOB TOME.

*Priority of Mortgage lien—Act of* 1868, *ch.* 373, *requiring the
Assignment of Mortgages to be recorded.*

The assignment of a mortgage need not be recorded to entitle the assignee
thereof and of the mortgage debt, to the mortgage lien, as against a subse-
quent assignee of the mortgage, claiming under an assignment executed and
recorded.

The Act of 1868, ch. 373, requiring the assignments' of mortgages to be re-
corded, in no manner affects the equitable assignment of mortgages by the

mere assignment of the mortgage debt, or impairs the rights of assignees thereunder.

APPEAL from the Circuit Court for Somerset County, in Equity.

This was an appeal from a final order of the Circuit Court, ratifying an account and statement of the auditor awarding to the appellee, the residue of the proceeds of the sale of a tract of land called "Tusculum." The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ROBINSON, J.

*Thomas H. Bevan* and *John H. Handy,* for the appellant.

*Isaac D. Jones,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

Arthur Crisfield being indebted to S. N. Ware, in the sum of six thousand and five hundred dollars, on account of the purchase of a tract of land called "*Tusculum,*" executed his single bill, dated January 1st, 1867, for the payment of the same, one year after date thereof.

On the 28th of January, Crisfield and wife mortgaged said property to secure the payment of said single bill— the mortgage reciting upon its face the single bill as the consideration of the same.

On the 6th of April, 1867, Ware assigned and delivered the single bill and mortgage to John W. Crisfield, who, on the 25th of August, 1869, assigned and delivered the same to Jacob Tome, as collateral security for an indebtedness to said Tome. The mortgage was assigned in writing, but the assignment was not recorded.

On the 10th of December, 1870, John W. Crisfield, by an assignment duly executed and recorded, assigned $4500 of the above mortgage to S. N. Ware, who was the original mortgagee, and on the 13th of March, 1871, Ware by an assignment, also duly executed and recorded, assigned the same to Byles, the appellant.

The mortgaged premises were sold under a decree to foreclose an older mortgage, and the surplus fund after satisfying the older mortgage, is claimed by Tome under his assignment of the mortgage debt, and of the mortgage itself, and by Byles under a *subsequent assignment of the mortgage*, upon the ground that the assignment of the *mortgage* to Tome, was *not recorded*. The single question presented, is whether it is necessary that an assignment of a mortgage should be recorded to entitle a *prior assignee* of the *mortgage debt* and *mortgage*, to the lien intended to be secured thereby, as *against a subsequent assignee* of *the mortgage*, claiming under an assignment executed *and recorded?*

It is a well recognized rule in Equity, that an assignment of a debt secured by a mortgage, operates as an assignment of the mortgage. It is not necessary in such cases, that there should be an assignment of the mortgage, to entitle the assignee to the benefit of the same, and where an assignment is made, there is no reason why it should be recorded. In Equity the mortgage is but a *security of the debt*, and the assignment of the latter, necessarily carries with it the former, unless there is some statutory provision in this State, contravening this well established rule in Equity, the right of Tome, as *prior* assignee to the surplus fund not only as against the assignor, but all subsequent assignees, is too clear for argument. The appellant, however, contends that under the Act of 1868, ch. 373, it was necessary that the assignment to Tome should have been recorded, in order to perfect his title to the mortgage lien as against a subsequent

assignee, claiming under an assignment *executed and recorded.* Such is not in our opinion, the proper construction to be placed upon the Act in question. Although it is true that the mere assignment of the mortgage debt operated in equity, as an assignment of the mortgage, yet, the outstanding *legal title in the mortgagee,* could only pass by a deed formally executed, and in order to enable the assignee to bring an action of ejectment against the mortgagor, it was necessary that the legal title should be thus conveyed. The Act of 1856, ch. 154, entitled "An Act to simplify and abridge the rules and forms of conveyances," provided a short and simple form for the assignment of mortgages, and the 117th sect. further provided, that an assignment thus made and endorsed upon the original mortgage "should be sufficient to convey to the *assignee* every right which the assignor possessed under said mortgage at the time of the assignment, in as full and complete a manner as *any* instrument of writing whatever could do." No provision was made for the recording of assignments thus made. The Act of 1868, however, provided that such assignment should be recorded, thus putting the assignment of the title of mortgagees upon the same footing as other conveyances and making the recording thereof constructive notice to all persons. It was not the purpose of the Act in question to affect in any manner the equitable assignment of mortgages by the mere assignment of the mortgage debt, nor to impair the rights of assignees thereunder.

In *Robinson vs. Marshall,* 11 *Md.,* 251, in referring to what was necessary to perfect the title of an assignee of a debt or *chose in action,* the Court was considering the question of payment by the *debtor to the assignor without notice.* In such cases payment to the assignor, or to a *subsequent* assignee, would unquestionably be a good payment, even against a prior assignee.

The question discussed in *White and Tudor's Equity Cases,* 236, *Law Lib.,* as to the equities affecting the right of an assignee, whether equities of the mortgagor or third persons, does not arise in this case. No equity is set up here by Arthur Crisfield the mortgagor, nor by any one else, so far as the mortgage debt is concerned.

On the contrary, it is admitted to be due, and the only question is whether the claim of Tome, prior assignee, is to be preferred to the claim of Byles, a subsequent assignee. The question to our minds, lies within a very narrow compass, and is too plain for contention.

*Decree affirmed.*

(Decided 11th February, 1874.]