The Western Maryland Railroad Land and Improvement Company of Baltimore City *vs.* Charles Ridgely Goodwin.

*Sale under Power contained in a Mortgage—Power coupled with an Interest—Assignment of Mortgage—Rights and Powers of Assignee—Act of 1868, ch. 273, sec. 32 of Art. 21 of the Code—Mortgage to Trustee—Authority of Succeeding trustee.*

A mortgage was given to secure the payment of a promissory note payable to G. as trustee under a will. G. on application to the appropriate Court was relieved of the trust, and M. was appointed by the Court trustee in his place. The mortgage contained the power of sale authorized by sec. 6, Art. 66 of the Code, which power declared that "it shall be lawful for the said G. trustee, his successors and assigns, at any time after default to sell the property hereby mortgaged," &c. By the order of Court substituting M. in the place of G. as trustee, G. was directed to assign to M. as such trustee the said mortgage and mortgage debt, and in pursuance of said order the mortgage note was, by indorsement and delivery, assigned to M. trustee, and an assignment of the mortgage was made on the back thereof. This assignment dated the 1st of July, 1890, was not recorded. On the 8th of July, 1890, a more formal assignment was made by a deed which was duly recorded, in which the former assignment was recited, and all the right, title and interest in and to said mortgage and mortgage debt were granted and assigned to the new trustee. M. as such trustee afterwards instituted proceedings for foreclosure, under the power contained in the mortgage, and sold the mortgage property to G., but the recorded deed of assignment, although ordered by the attorney of the trustee to be filed with the mortgage, was not in fact so filed with the foreclosure proceedings. G. afterwards contracted to sell the property so acquired by him, and the purchaser refused to comply with the contract on the ground that G. could not convey a good and merchantable title. On a bill filed by G. against his purchaser for a specific performance of said contract, it was HELD:

Western Md. Railroad Land, &c. Cô. *vs.* Goodwin.

1st. That the power of sale contained in the mortgage was a power coupled with an interest in the estate conveyed by the deed, which would pass to any one who came to the estate under the mortgagee, whether he be an assignee in fact or in law.

2nd. That when M. as trustee exercised the power of sale contained in the mortgage, he held by assignment the title to the mortgage, and also to the debt which it was intended to secure; and it was not necessary in such case that there should be an assignment of the mortgage to entitle the assignee to the benefit of the same; and although such assignment was made, there was no reason why it should be recorded.

3rd. That in equity the mortgage was but a security for the debt, and the assignment of the latter necessarily carried with it the former, unless there was some statutory provision in this State contravening this well established rule in equity.

4th. That it was not the purpose of the Act of 1868, ch. 373, (Code, Art. 21, sec. 32,) requiring the assignment to be recorded, to affect in any manner the equitable assignment of mortgages, by the mere assignment of the mortgage debt, or to impair the rights of assignees thereunder.

5th. That the fact that there was no certified copy of the recorded assignment of the mortgage filed in said proceedings, in compliance with the order of M's attorney, in no way detracted from the legal sufficiency of the title to the property sold by M. as trustee, who either as the successor of the former trustee, or in virtue of the assignment of the debt to himself, as trustee, was fully authorized to exercise the power of sale.

APPEAL from the Circuit Court of Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellant, before ALVEY, C. J., BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, and BRISCOE, J., and submitted for the appellee.

*John P. Poe, Attorney-General,* for the appellant.

*Richard S. Culbreth,* for the appellee.

Western Md. Railroad Land, &c. Co. *vs.* Goodwin.

ROBERTS, J., delivered the opinion of the Court.

The appeal in this case is taken from a decree of the Circuit Court for Baltimore County, in Equity, based upon a special case stated under Rules Forty-seven and Forty-eight, promulgated by this Court for the regulation of the pleading and practice of Courts of Equity in this State.

The facts agreed upon and stated in the record are as follows: "That by a deed of mortgage dated the 3rd day of September, A. D., 1889, and recorded on the following day among the Mortgage Records of Baltimore County in Liber J. W. S., No. 144, folio 292, &c., Andrew Banks and Rebecca E. Banks, his wife, conveyed to Charles Ridgely Goodwin, trustee, under the will of George G. Presbury, late of Baltimore City, deceased, the property in said mortgage described, situated in Baltimore County, to secure the payment of a loan of twenty-four thousand and eight hundred dollars, made by the said trustee to the said Andrew Banks; said mortgage containing the usual provisions and covenants of a county mortgage, and especially the provision that 'if default be made in the payment of said money or the interest thereon to accrue, or any part of either of them, at the time limited for the payment of the same, or in any agreement, covenant, or condition of this mortgage, then the entire mortgage debt shall be deemed due and demandable, and it shall be lawful for the said Charles Ridgely Goodwin, trustee, his successors and assigns, or Richard S. Culbreth, his or their attorney or agent, at any time after such default, to sell the property hereby mortgaged, or so much thereof, as may be necessary to satisfy and pay said debt, interest, and all costs incurred in making such sale, and to grant and convey the said property to the purchaser or purchasers thereof; subject, however, as to a part of the property described in said mortgage, to a prior mortgage, between the same

18          v. 77.

274        MARYLAND REPORTS.

Western Md. Railroad Land, &c. Co. vs. Goodwin.

parties, dated the 14th day of December, A. D., 1883, and recorded among the Mortgage Records of said county in Liber W. M. I., No. 110, folio 203, &c., to secure the payment of a loan of thirty thousand dollars.'

"2. That subsequently the said Charles Ridgely Goodwin, trustee as aforesaid, was at his own request, relieved of and discharged from said trust by the Circuit Court of Baltimore City, which had assumed, and has since had, jurisdiction thereof, and Howard Munnikhuysen was appointed by said Court as trustee in his place and stead, and the said Munnikhuysen became then, and has been since, and is now, the successor of the said Goodwin in said trust; and by an order of said Court, passed on the 23rd June, 1890, the said Goodwin, trustee as aforesaid, was directed to assign to said Munnikhuysen, trustee as aforesaid, the said mortgage and mortgage debt and said mortgage debt which was evidenced by a negotiable promissory note for the amount thereof, was accordingly assigned by the indorsement and delivery of said note by said Goodwin, trustee, to the said Munnikhuysen, trustee, and an assignment of said mortgage was made on the back thereof in language following:

"For value received, and in pursuance of an order of the Circuit Court of Baltimore City, passed June 23rd, 1890, in the matter of the estate of George G. Presbury, deceased, I do hereby assign the within mortgage to Howard Munnikhuysen, trustee, appointed as such in my place and stead, by said Court in and by said order.

"Witness my hand and seal this first day of July, 1890.

"C. RIDGELY GOODWIN, [Seal.]
"Test:—                                    Former Trustee."
    "R. S. CULBRETH."

"Which assignment was not recorded; and also a more formal assignment between the same parties of said mortgage was made by deed of assignment, dated the

Western Md. Railroad Land, &c. Co. *vs.* Goodwin.

8th day of July, 1890, and recorded on the 9th day of July, 1890, among the Mortgage Records of said County in Liber J. W. S., No. 149, folio 27, in which assignment it is recited that an assignment of said mortgage has been made on the back thereof, and that a more formal assignment thereof was desirable; and in said assignment so recorded, the said Goodwin, trustee as aforesaid, grants and assigns unto the said Munnikhuysen trustee as aforesaid, all his right, title and interest in and to said mortgage, and in and to the mortgage debt secured thereby, which assignment, as recorded, or a certified copy thereof, was not filed in said foreclosure proceedings."

"3. That, afterwards, to wit, on the 15th day of May, 1891, default having been made in the payment of said mortgage debt, the said Munnikhuysen, trustee as aforesaid, proceeded to foreclose said mortgage by filing in this Court the following order:

"Howard Munnikhuysen, Trustee, Assignee of C. Ridgely Goodwin, Trustee,

            *vs.*

Andrew Banks, Mortgagor.

In the Circuit Court for Baltimore County.

"John W. Shanklin, Esq., Clerk.

"Please docket this case, file mortgage, assignment of same, and affidavit of mortgage claim.

—————  —————,
"Attorneys for Assignee."

"And after giving bond and duly advertising the sale of said property, the said Munnikhuysen, trustee, assignee, by virtue of and in pursuance of the power of sale, contained in said mortgage, sold the same at public sale at the time and place, and in the manner stated in the said notice to the plaintiff, subject, however, as to a part thereof, to a prior mortgage for thirty

thousand dollars hereinbefore mentioned; and said sale was by this Court on the 1st day of July, 1891, finally ratified and confirmed.''

"4. That the plaintiff has since sold said property, subject, as aforesaid, as to a part thereof, to a prior mortgage, for thirty thousand dollars, to the defendant, and he is ready and willing to convey to the defendant the property so sold, but the defendant objects that the plaintiff cannot convey a good and merchantable title to said property, because it is advised that the assignment of said mortgage endorsed on the back thereof, as aforesaid, was not recorded, nor a certified copy thereof, was filed in said foreclosure proceedings; and that, by mistake, there was filed in said proceedings a recorded assignment of two other mortgages from the said Goodwin, trustee, to the said Munnikhuysen, trustee, for other sums and affecting other property, and not the property herein mentioned; although said mortgage, and the unrecorded assignment thereof, endorsed thereon, were filed in said proceedings in pursuance of said order, and a formal assignment of said mortgage had been duly recorded, as aforesaid, among the mortgage records of Baltimore County.''

"The question raised for the decision of this Court is:  Was the sale by the said Munnikhuysen, trustee, assignee, to the plaintiff, under the circumstances herein related, a valid exercise of the power of sale contained in said mortgage?''

The Court below answered and determined this question in the affirmative, and decreed accordingly, so that the sole question now presented for our consideration and determination, on this appeal, is that which the parties to the cause have formulated and submitted. The question is certainly narrow and technical, and not by any means difficult of solution.  It is not often we are called upon to examine and determine questions in

this Court, where counsel for appellant, as well as for appellee, agree that the decree of the lower Court ought to be affirmed. Under these circumstances it should not be surprising if we find ourselves compelled to agree not only with the Court below, but with the counsel for the respective parties. We will, however, proceed to examine the question. The mortgagee, Goodwin, as shown by the case stated, was the trustee under the will of George G. Presbury, late of Baltimore City, deceased. The mortgage was given to secure the payment of a promissory note, payable to said Goodwin, trustee, and was recorded in Baltimore County where the land was situate. Goodwin desiring to be released from the further discharge of the duties of his trust, applied to the Court below for that purpose, and was by said Court relieved of said trust, and thereupon Munnikhuysen was appointed trustee in his place and stead. The primary question presents itself, whether under the terms of the power of sale Munnikhuysen, the successor of Goodwin, as trustee, was entitled to exercise the power of sale, solely upon the ground that he had succeeded to the office of trustee, made vacant by the resignation and release of Goodwin. The terms and provisions of a mortgage constitute the contract between the parties to it. They are at liberty to make such contract as they deem proper, if, in so doing, they violate no provision of law. The sixth section of Article sixty-six of the Code, provides that "in all mortgages there may be inserted a clause authorizing the mortgagee or any other person to be named therein, to sell the mortgaged premises." The power of sale contained in the mortgage declares that "it shall be lawful for the said Charles Ridgely Goodwin, trustee, *his successors and* assigns   *   *   *   at any time after default, to sell the property hereby mortgaged, &c."

Says Mr. Justice ALVEY, in *Berry vs. Skinner*, 30 *Md.*, 573: "It is plain this is not a naked power collat-

eral to the grant, but is a power coupled with an interest in the premises, conveyed by the mortgage deed. Being intended for the benefit of the mortgagee, as affording him a more speedy and summary mode of collecting his debt, than by ordinary proceeding to foreclose, it is appendant to the estate, and is part of the security itself. It would pass with the estate by assignment of the mortgage debt, and would not be affected by the death of the mortgagor, but could be executed after his death.''

And in *Harnickell vs. Orendorff*, 35 *Md.*, 343, this Court said : ''This is a power coupled with an interest in the estate, and will pass to any one who comes to the estate under the mortgagee, whether he be an assignee in fact or in law.'' Here the mortgage is not executed to, nor does the power of sale confer any authority upon, Charles Ridgely Goodwin in his individual capacity, but it is given to him solely in his official capacity as trustee. The actual mortgagee is not the individual man but the incumbent, for the time being, of the office of trustee. The death of the incumbent does not terminate the trust, it only remains in abeyance until the appointment of a new trustee, when it again assumes the character and purpose for which it was created. That this construction is correct is apparent from the terms of the power, which declares, that said trustee and his successors are clothed with like authority. In his individual capacity he could not be regarded as having successors, whilst in the office of trustee. Sec. 212, of Article 16 of the Code, provides that ''where the character of the trust requires the appointment of another person as trustee in place of the discharged trustee, the said Court shall appoint some suitable person to act thereafter in the execution of said trust.''

But independently of the authority which the power of sale confers on the successor, it confers like authority upon the trustee, *and his assigns*, in the event of a default.

And the Court below, by its order releasing said Goodwin from the further discharge of the duties of the trust, directs him to assign to Munnikhuysen, the newly appointed trustee, the said mortgage and mortgage debt, which was evidenced by a negotiable promissory note for the amount thereof. Thereupon Goodwin in his capacity as trustee indorses said note, and assigns said mortgage, and delivers both to the newly appointed trustee. The assignment of the mortgage is in the following words:

"For value received and in pursuance of an order of the Circuit Court of Baltimore City, passed June 23rd, 1890, in the matter of the estate of George G. Presbury, deceased, I do hereby assign the within mortgage to Howard Munnikhuysen, trustee appointed as such in my place and stead, by said Court in and by said order.

" Witness my hand and seal this first day of July, 1890.

"Test:                      "C. RIDGELY GOODWIN, [Seal.

R. S. CULBRETH."                      Former Trustee."

This assignment was not recorded. A more formal assignment of said mortgage was however made on the 8th of July, 1890, and duly recorded in Baltimore County on the day following. The recorded assignment recites the fact that a previous assignment of said mortgage had been made on the back thereof, and that a more formal assignment of the mortgage was executed because desired by the parties interested. Subsequently, default having been made in the payment of the mortgage debt, Munnikhuysen, trustee, on the 15th of May, 1891, proceeded to sell said mortgaged premises by the exercise of the power of sale contained in said mortgage, and for that purpose docketed a case in the Circuit Court

in the manner set out in the statement of facts. Whilst the order to the clerk of the Court directed him to file the assignment of the mortgage, he omitted to comply with the instructions given, and the recorded assignment was not, nor was a copy thereof filed, but the original mortgage with the assignment thereon was filed. By mistake there was filed in said proceedings a recorded assignment of two other and different mortgages from said Goodwin, trustee, to the said Munnikhuysen, trustee, on property not mentioned in or in any manner affected by the mortgage in question here. This, however, can have no possible bearing upon the question submitted and deserves no further mention at our hands.

The second phase of the question submitted for our determination relates to the extent and character of the power which Munnikhuysen, trustee, took by virtue of the several assignments to him by his assignor, Goodwin, trustee. As already stated the *mortgagee,* and not *"any other person* named in the mortgage,'' has exercised the power of sale in question; and to him also the mortgage debt, at the date of the transfer of the mortgage, was assigned by indorsement and delivery, and within eight days thereafter the formal assignment was executed and recorded. So that when said Munnikhuysen, trustee, exercised the power of sale contained in said mortgage, he held by assignment the title to the mortgage, and also the debt which it was intended to secure.

The law in this State is well settled, "that an assignment of a debt secured by mortgage operates as an assignment of the mortgage. It is not necessary in such cases that there should be an assignment of the mortgage to entitle the assignee to the benefit of the same, and where an assignment is made there is no reason why it should be recorded. In equity the mortgage is but a *security of the debt*, and the assignment of the

latter necessarily carries with it the former, unless there is some statutory provision in this State contravening this well established rule in equity. The appellant, however, contends that under the Act of 1868, ch. 373, it was necessary that the assignment should have been recorded, in order to perfect his title to the mortgage lien as against a subsequent assignee claiming under an assignment *executed and recorded.* Such is not in our opinion the proper construction to be placed upon the Act in question. It was not the purpose of the Act in question to affect in any manner the equitable assignment of mortgages by the mere assignment of the mortgage debt, nor to impair the rights of assignees thereunder." *Byles vs. Tome,* 39 *Md.*, 463-4 ; *Harnickell vs. Orendorff, supra.*

The fact that there was no certified copy of the recorded assignment of the mortgage filed in said proceedings, in compliance with the order of the appellee's attorneys, in no way detracts from the legal sufficiency of the title to the property sold by said Munnikhuysen, trustee. Either as the successor of said Goodwin, trustee, or in virtue of the assignment of the mortgage debt to him, Munnikhuysen, trustee, was fully authorized to exercise the power of sale. Chancellor JOHNSON, in *Clark vs. Levering,* 1 *Md. Ch. Dec.,* 180, says:   "The principle settled by the authorities appears to be this, that whoever may be the holder of the debt intended to be secured by the mortgage, will be considered in equity as the owner of the mortgage itself; that the debt cannot reside in one person, and the pledge in another; the former (the debt) being the principal, and the latter the accessory; and that consequently, in whatsoever hands the debt is found, in the same hands will the mortgage also be found; that the debt and the mortgage are so inseparably united, the one being in truth appurtenant to the other, that a separate and independent alienation of them cannot be

Western Md. Railroad Land, &c. Co. *vs.* Goodwin.

made." It does not appear from the statement of facts, nor is it anywhere intimated that any one has been injured by the want of notice of the assignment of the mortgage, nor do we perceive how any one could have been misled or injured by the failure to file in the proceeding to foreclose a copy of the recorded assignment. The formal assignment of the mortgage had been recorded long prior to the exercise of the power of sale, and contained full notice of the fact, and of the contents of the assignment of the mortgage written on the back of the original thereof, which was filed among the proceedings in the foreclosure suit.

We have, perhaps, gone to unnecessary length in the discussion of this question, but the magnitude of the interests involved seemed to justify it. We, however, entertain no doubt as to the correctness of the answer given by the Court below, and therefore affirm the decree appealed from.

*Decree affirmed.*