## SAPERO v. NEISWENDER.

## In re BOWLING CONST. CORPORATION.

Circuit Court of Appeals, Fourth Circuit.
January 10, 1928.

No. 2643.

1. **Courts ⬅366(1)—In determining effect of failure to record assignment of mortgage, bankruptcy court is governed by state court decisions.**

In passing on effect of failure to record an assignment of mortgage by bankrupt, bankruptcy court is governed by state court decisions.

2. **Mortgages ⬅235—Transfer or indorsement of mortgage note gives bona fide transferee mortgage lien.**

The general rule is that the transfer or indorsement of a mortgage note carries the mortgage, which is the incident, and effectually clothes the bona fide holder of the note with the lien of the mortgage itself.

3. **Mortgages ⬅235, 244(2)—Statute does not require recording assignment as respects priorities, nor change rule that transfer of mortgage note carries mortgage lien (Code Md. 1924, art. 21, § 35).**

Code Md. 1924, art. 21, § 35, providing for recording of assignment of a mortgage, does not prevent or affect in any manner the equitable assignment of mortgages, nor impair the rights of assignees thereunder, and it does not require assignment of mortgage to be recorded to perfect assignee's title to mortgage lien, even as against a subsequent assignee claiming under recorded assignment, nor change the rule that transfer of mortgage note carries mortgage lien.

4. **Mortgages ⬅244(1)—As between record holder of mortgage and one to whom he has assigned mortgage notes under unrecorded assignment, assignee is owner of notes and mortgage (Code Md. 1924, art. 66, § 25).**

Under Code Md. 1924, art. 66, § 25, creating conclusive presumption that title to notes secured by mortgage vests in person holding record title under mortgage, rights of assignee of mortgage notes are subordinate to rights of one who, in reliance on record and without notice of assignment of notes, deals with record holder of mortgage; but, as between record holder of mortgage and one to whom he has assigned the notes secured thereby, assignee is owner of the notes and of the mortgage lien, in view of article 13, §§ 49, 50, 70, 71, 75, 76, relating to negotiable instruments.

5. **Bankruptcy ⬅155—Interest of assignee of mortgage notes in mortgage lien held superior to that of bankruptcy trustee of record holder of mortgage (Code Md. 1924, art. 21, § 35, and art. 66, § 25; Bankr. Act, § 70a [11 USCA § 110]).**

Notwithstanding Code Md. 1924, art. 35, and article 66, § 25, indorsement and delivery of mortgage notes by record holder of mortgage without assigning mortgage, *held*, under Bankruptcy Act, § 70a (11 USCA § 110), to transfer rights to notes, debt evidenced thereby, and mortgage lien securing notes, as against bankrupt record holder and his bankruptcy

trustee, since trustee has merely the title of the bankrupt as of date of filing of petition.

6. **Bankruptcy ⬤⟲151—Bankruptcy trustee has rights and remedies of lien creditor as respects property in bankruptcy court's custody, and of judgment creditor under unsatisfied execution as respects property not in court's custody (Bankr. Act, § 47a, as amended by Act June 25, 1910, § 8 [11 USCA § 75]).**

Effect of Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (11 USCA § 75), is that, as to property in custody of bankruptcy court, trustee is vested with all rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and as to property not in custody of court he is vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy; Morris A. Soper, Judge.

In the matter of the Bowling Construction Corporation, bankrupt. From a decree (19 F.[2d] 604), granting petition of Eli G. Neiswender for an order directing Samuel S. Sapero, bankruptcy trustee, to execute assignment of mortgage to petitioner, said trustee appeals. Affirmed.

John Thomas Scheu and Albert A. Sapero, both of Baltimore, Md., for appellant.

Herbert C. Forrester and Daniel S. Sullivan, both of Baltimore, Md., for appellee.

Before WADDILL and PARKER, Circuit Judges, and HAYES, District Judge.

PARKER, Circuit Judge. The Bowling Construction Company, a corporation of Maryland, was adjudged a bankrupt on October 6, 1926. This is a controversy in that bankruptcy proceeding, arising upon the petition of one Eli G. Neiswender. He asks that the trustee in bankruptcy be required to assign to him a mortgage in the possession of the trustee, which secures notes assigned to him by the bankrupt more than two years prior to the adjudication in bankruptcy. From a decree in favor of petitioner the trustee in bankruptcy has appealed.

On January 21, 1924, one Kaplan and wife executed to the bankrupt a promissory note for the principal sum of $950 and also certain interest notes. At the same time they executed to bankrupt, as security for the notes, a mortgage on certain real estate in Baltimore City, and this mortgage was duly recorded as required by the statutes of Maryland. On April 10, 1924, the bankrupt agreed to assign the notes and mortgage to Neiswender as part payment of a debt due

him. In accordance with this agreement the notes were indorsed and delivered, but bankrupt failed to assign or deliver the mortgage, or to record an assignment thereof in the office of the clerk of the court where the mortgage itself was recorded. There were general creditors of the bankrupt, some of whom became such before and some after the time when the agreement to assign was entered into and the notes were indorsed and delivered.

The trustee in bankruptcy makes two contentions: (1) That the indorsement and delivery of the notes and the agreement to assign the mortgage did not transfer the debt, because no assignment of the mortgage was recorded, and under the statutes of Maryland the debt is conclusively presumed to be due to the person holding the record title to the mortgage; and (2) that, even if the transfer of the debt was good as between the parties to the transaction, the mortgage being unrecorded, it was not good against the trustee in bankruptcy of the assignor, because of the provisions of the Act of June 25, 1910, amending section 47a of the Bankruptcy Act (11 USCA § 75).

[1] In passing upon the effect of the failure to record an assignment of the mortgage, we are, of course, governed by the statutes and decisions of the state of Maryland. Firestone Tire & Rubber Co. v. Cross (C. C. A. 4th) 17 F.(2d) 417; Holt v. Crucible Steel Co., 224 U. S. 262, 265, 32 S. Ct. 414, 56 L. Ed. 756; Rock Island Plow Co. v. Reardon, 222 U. S. 354, 363, 32 S. Ct. 164, 56 L. Ed. 231; Bryant v. Swofford Bros., 214 U. S. 279, 291, 29 S. Ct. 614, 53 L. Ed. 997. But a careful consideration of the statutes and decisions applicable convinces us that neither of the contentions of the trustee in bankruptcy can be sustained.

[2, 3] The statutes relied upon by the trustee are section 35 of article 21 of the Code of Maryland and section 25 of article 66 of that Code. The former section merely provides that an assignment of a mortgage may be made in a certain short form, which is prescribed, and that such assignment shall be recorded on the record in the office of the clerk of the court where the original mortgage is recorded. It is well settled, however, that this section, which embraces section 116, c. 154, of the Acts of 1856, as amended by chapter 373 of the Acts of 1868, does not prevent or affect in any manner the equitable assignment of mortgages by the mere assignment of the mortgage debt, nor impair the rights of assignees thereunder. Byles v. Tome, 39 Md. 461; Morrow v. Stanley, 119

Md. 590, 87 A. 484. The general rule is that "the transfer or indorsement of the note, which is the principal, carries the mortgage, which is the incident, and effectually clothes the bona fide holder of the note with the lien of the mortgage itself," and this section does not change that rule. Demuth v. Old Town Bank, 85 Md. 315, 37 A. 266, 60 Am. St. Rep. 322. And it does not require that the assignment of a mortgage be recorded to perfect the assignee's title to the mortgage lien even as against a subsequent assignee claiming under a recorded assignment. Western Md. R., L. & Imp. Co. v. Goodwin, 77 Md. 271, 26 A. 319. There is nothing in this section, therefore, which sustains the contention of the trustee.

[4] We come, then, to section 25 of article 66 of the Code, which embraces chapter 392, Acts of 1892. The language of that section is as follows:

"25. The title to all promissory notes and other instruments hereafter made, and debts hereafter contracted, secured by mortgage or deeds in the nature of a mortgage, shall both before and after the maturity of such notes, other instruments or debts, be conclusively presumed to be vested in the person, persons or body corporate holding the record title to such mortgage or deed in the nature of a mortgage; and if such mortgage or deed in the nature of a mortgage is duly released of record, the promissory notes, other instruments or debts secured by such mortgage or deed in the nature of a mortgage, shall both before and after the maturity of such promissory notes, other instruments or debts, be conclusively presumed to be paid so far as any lien upon the property conveyed by said mortgage or deed in the nature of a mortgage is concerned."

The purpose of the Legislature in enacting the statute embraced in this section was well expressed by the Court of Appeals of Maryland in Dickey v. Pocomoke City Bank, 89 Md. 280, 296, 43 A. 33, 35, as follows:

"The object of the act was to avoid the complications that often arose by reason of the fact that the release of a mortgage by the mortgagee was not valid, unless he also owned the evidences of debt secured by it, and hence it often left the titles to the mortgaged property involved, as the ownership of the evidences of debt was not necessarily or usually a matter of record."

In applying the act that court has held that, where a note and mortgage have been assigned without the knowledge of the mortgagor and the assignment recorded, payment to the mortgagee will not release the mortgage (Churchville Circuit v. MacNabb, 145 Md. 105, 125 A. 526; Bower v. Kelbaugh, 147 Md. 364, 128 A. 37); that, where a mortgage has been executed to secure a debt not evidenced by note or bond but by covenant in the mortgage itself, the rights of an assignee under a recorded assignment and the rights of the mortgagor who has made payment to such assignee will be upheld against one claiming under a prior unrecorded assignment (Morrow v. Stanley, 119 Md. 590, 87 A. 484); and that the rights of an assignee of the mortgage under a recorded assignment are superior to the rights of a prior indorsee of the notes secured thereby in a fund derived from the sale of the mortgaged property (Frederick County Nat. Bk. v. Brown [Md.] 137 A. 351). It will be observed that in all of these cases the statute has been construed as determining the ownership of the debt secured by mortgage only as it affects conflicting claims with respect to rights under the mortgage or in the property embraced therein. In no case has it been held to have the effect of invalidating an assignment as between assignor and assignee, or as vesting the title to the debt or notes secured by the mortgage in one who has assigned or transferred them as against the claims of his assignee. We do not think that under any proper interpretation of the statute it can be held to have such effect. As said by the learned judge below (19 F.[2d] 608):

"Such a result * * * could hardly have been intended by the Legislature. That body had particularly in mind the conflicting rights of the holders of mortgage notes, on the one hand, and the holders of the recorded mortgage, on the other, under the Maryland rule that the indebtedness is the principal, and the mortgage the subsidiary thing, and that the transfer of mortgage notes, without more, carries with it a transfer of the mortgage. The act was intended to protect those who, relying upon the land records, should deal with the record owner of the mortgage rather than the holder of the notes as the real party in interest. To suppose that the Legislature intended to go further, and to declare that the holder of the record title might part with the notes for value, and at the same time retain full title to the indebtedness, is to reach a result too unjust to be entertained."

And to this we might add that to hold that one who has transferred a note by indorsement is to be deemed the owner thereof as against the indorsee merely because

a mortgage securing same has not been assigned, and the assignment recorded pursuant to the statute, would be to destroy the negotiability of such notes, and as to them to nullify the provision of the Negotiable Instruments Act appearing as sections 49, 50, 70, 71, 75, and 76 of article 13 of the Code. We think it clear that the Legislature intended no such result.

[5] On the first contention of the trustee, therefore, our conclusion is that, notwithstanding the statutes relied on, the indorsement and delivery of the notes to Neiswender transferred to him, as against the bankrupt, the notes and the debt evidenced thereby, and also the lien of the mortgage securing same. And we think that the trustee in bankruptcy stands in no better position with respect to them than did the bankrupt itself. The trustee is vested by law merely with the title of the bankrupt as of the date it was adjudged a bankrupt, or rather as of the date the petition was filed. Bankruptcy Act, § 70a (11 USCA § 110); Firestone Tire & Rubber Co. v. Cross, supra, 17 F. (2d) 417; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. Long prior to the filing of the petition in bankruptcy the notes had been indorsed and delivered to Neiswender, and an agreement had been made that the mortgage should be assigned to him also. The bankrupt, therefore, had no rights under the mortgage, except that it held in trust the naked legal title to the property which it embraced as security for the notes, and the indorsee of the notes had the equitable right to have even that transferred to him by assignment of the mortgage under the agreement. The trustee has no greater rights than the bankrupt had, but holds the mortgage deed and the legal title conveyed therein "subject to all valid claims, liens and equities." Zartman v. First Nat. Bank, 216 U. S. 134, 30 S. Ct. 368, 54 L. Ed. 418; Sexton v. Kessler, 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; In re Snelling (D. C.) 202 F. 259.

[6] And the position of the trustee is not helped by the amendment of June 25, 1910, to section 47a of the Bankruptcy Act. The effect of that amendment is that, as to property in the custody of the bankruptcy court, the trustee is vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and, as to property not in the custody of the court, is vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. There is nothing in any of the statutes relied on which makes an unrecorded assignment of a mortgage void as against the creditors of the assignor, or which invalidates as against such creditors the transfer of the notes secured by the mortgage. Consequently, creditors of the bankrupt could not have levied upon the notes transferred to Neiswender or the debt evidenced thereby, and certainly the naked legal title held in trust under the mortgage as security for the notes was not subject to levy under execution. Lessee of Smith v. McCann, 24 How. 398, 16 L. Ed. 714; 17 R. C. L. 125.

There was no error, and the decree of the District Court is affirmed.

Affirmed.