BURCH ET UX *v.* BAYLEY ET UX.

[No. 167, October Term, 1949.]

*Decided May 17, 1950.*

438

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON and HENDERSON, JJ.

*Michael F. Delea* for the appellants.

*Clinton P. Pitts* for the appellees.

GRASON, J., delivered the opinion of the Court.

This case brings up for review the correctness of the decree passed by the chancellor requiring the appellants to specifically perform their written contract with the appellees to purchase certain property situate in the Eighth District of Baltimore County.

The facts in this case disclose: The White Hall Bank was duly organized under the laws of this State in the year 1923 and proceeded to do a banking business in that year. On August 2, 1926, this bank delivered all of its assets to The Baltimore County Bank; the stockholders surrendered their stock in The White Hall Bank and accepted in lieu thereof stock of the Baltimore County Bank. The Baltimore County Bank, as a part of the transaction, assumed all of the liabilities of The White Hall Bank. In order to accomplish this The Baltimore County Bank increased its stock and the matter had to have the approval of the Bank Commissioner of Maryland, and it was handled by Mr. John D. Hospelhorn, who was Deputy Bank Commissioner at the time, and has been ever since. The records in the office of the Bank Commissioner show that the assets of The

White Hall Bank were taken over by The Baltimore County Bank on "Aug. 22, 1926, all stock cancelled see 1927 report of White Hall Bank". And there is no doubt from the testimony that The White Hall Bank ceased to do business at or about that time, and has not been in existence since.

As a result of the depression, The Baltimore County Bank went into receivership, and Mr. John G. Ghinger was appointed receiver for that bank by the Circuit Court for Baltimore County, in Equity. Later Mr. Warren F. Sterling succeeded Mr. Ghinger as Bank Commissioner and was substituted as receiver in the place of Mr. Ghinger.

On February 9, 1926, Edward C. Merryman and his wife executed a mortgage to The White Hall Bank, to secure the sum of $3,000. This mortgage was among the assets that were delivered by The White Hall Bank to The Baltimore County Bank in the transaction referred to, but it was not assigned by The White Hall Bank to The Baltimore County Bank. The receiver for the bank assigned the same to Mr. James C. L. Anderson for the purpose of foreclosure. Foreclosure proceedings under the assignment were regularly instituted and conducted, the property advertised, and at the sale The Baltimore County Bank bought in the property. Since that time the property has passed by mesne conveyances to the appellees, and it is that property that the appellants agreed in writing to purchase from the appellees.

The appellants contend that the appellees cannot convey to them a good and merchantable title to the property in question. They say that the receiver of The Baltimore County Bank did not take title to the property, because The White Hall Bank did not assign the Merryman mortgage to it at the time of the transaction referred to. Therefore the assignment of the mortgage to Mr. Anderson for foreclosure by the Bank was without legal effect, and the foreclosure sale void.

Mr. Wright testified that he was cashier and a director of The White Hall Bank at the time; that he had

knowledge of the Merryman mortgage; that the mortgage and debt secured thereby were, on August 2, 1926, sold to The Baltimore County Bank with the entire assets of The White Hall Bank; and, that this mortgage and mortgage debt "was intended to be assigned to The Baltimore County Bank".

Mr. McGinnis, who was a director of the bank at that time, confirmed Mr. Wright's testimony.

Mr. Elmer R. Haile testified he knew "from personal knowledge and recollection that in or about the year 1926, The Baltimore County Bank acquired by purchase all the assets of The White Hall Bank, including its banking house, and assumed its liabilities, and, in effect, The White Hall Bank became merged with The Baltimore County Bank. Negotiations between the two institutions and the State Bank Commissioner extended over a number of months. I was on the Committee representing The Baltimore County Bank and sat in on a number of the conferences and that is what eventually happened. The Baltimore County Bank acquired all of the assets of The White Hall Bank. * * *."

Mr. Hospelhorn testified that: "According to the records, and endeavoring to refresh my recollection of what transpired, it appeared that an appraisal of assets of The White Hall Bank was made in collaboration with the Directors and our Department and as a result of the appraisal, the assets exceeded all liabilities by the sum of $18,750.00 and this was the price which The Baltimore County Bank agreed to pay to the officers and directors of The White Hall Bank for the purchase of all the assets. This figure of $18,750 was paid by The Baltimore County Bank to a liquidating committee of the stockholders of The White Hall Bank. * * * I found in the old charter file of The White Hall Bank, which was incorporated in 1923, a memorandum in my own handwriting which lists several steps which were required to be taken by the officers and directors of The Baltimore County Bank, purchaser of all of the assets of The White Hall Bank. These memorandum steps

are as follows: (1) Have stamp made to endorse all notes for the use of The Baltimore County Bank; (2) Transfer deed to real estate to The Baltimore County Bank; (3) Enter judgments for use of The Baltimore County Bank; (4) Assign mortgages to The Baltimore County Bank; (5) Get new pass books to customers as soon as possible; (6) Stamp all stationery showing The Baltimore County Bank; (7) Cancel all stock certificates; (8) Publish notice to creditors for eight consecutive weeks; (9) Send us notice formally of liquidation date certified by President and Cashier. * * * It was the policy of the department to have a follow-up for such important matters as that and I am quite sure under such procedure, we would get notice of the formal liquidation of The White Hall Bank, and they have been destroyed."

The Merryman mortgage, at the time it was delivered by The White Hall Bank to The Baltimore County Bank, became the property of The Baltimore County Bank for value. As regards this mortgage, The Baltimore County Bank stood in the same position as The White Hall Bank stood before that time. It can hardly be supposed that Merryman could successfully contend that as there was no assignment of the mortgage it became void. See *Sapero v. Neiswender*, 4 Cir., 23 F. 2d 403.

We are of opinion that The Baltimore County Bank purchased from The White Hall Bank the Merryman mortgage for value at the time that bank transferred all of its assets to The Baltimore County Bank, and it therefore, notwithstanding there was no assignment to it by The White Hall Bank, was the equitable owner of the mortgage; that the assignment to Mr. Anderson for the purpose of foreclosure, and the purchase of the property embraced in the mortgage at the mortgage sale by the bank, and the conveyance by the assignee vested the legal title to the property in The Baltimore County Bank.

In the brief of the appellants it is stated: "It is admitted, that if there were sufficient evidence in the record to prove an actual purchase of the Merryman

442

mortgage debt by The Baltimore County Bank, then equitable title to the mortgage passed to The Baltimore County Bank." And they quote the following authorities: *Smith v. First National Bank,* 173 Md. 481, 196 A. 310; *Sapero v. Neiswender, supra;* In re Bowling Const. Co., D. C., 19 F. 2d 604. The appellees' brief on the same question quotes: *Smith v. First National Bank, supra; Johns v. Gillian,* 134 Fla. 575, 184 So. 140. These authorities sustain the proposition that The Baltimore County Bank became the equitable owner of the Merryman mortgage at the time The White Hall Bank transferred all of its assets to The Baltimore County Bank. The other authorities on the brief of the appellants deal with tax matters and have no application to this case. The decree will be affirmed.

*Decree affirmed, with costs.*