### In re RUTLAND–PERRY CO.

### Ex parte SOUTHERN MOLINE PLOW CO.

#### (District Court, E. D. South Carolina. May 9, 1913.)

BANKRUPTCY (§ 140*)—RIGHTS AND POWERS OF TRUSTEE—CHATTEL MORTGAGES.

Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which vests a trustee with the rights and powers of a creditor holding a lien by legal or equitable proceedings as to property in the custody of the court, was intended to preserve, but not to enlarge, the rights of creditors; and where under the state law a chattel mortgage, although unrecorded, is valid, except as against subsequent creditors without notice and prior creditors who have secured liens by attachment or levy, a trustee cannot hold property as against the holder of an unrecorded mortgage for the benefit of prior simple contract creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

In the matter of the Rutland-Perry Company, bankrupt. On petition by the Southern Moline Plow Company for review of order of referee. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. Fraser Lyon, of Columbia, S. C., for trustee and petitioners.

Thurmond, Timmerman & Callison, of Lexington, S. C., for Southern Moline Plow Co.

SMITH, District Judge. This matter comes up to be heard upon a petition for the review of an order of the referee in bankruptcy herein, made the 28th day of February, 1913. The facts appear to be that in October, 1912, the Rutland-Perry Company entered into a contract of sale with the Southern Moline Plow Company for the purchase of certain vehicles mentioned in the contract. The contract of sale was a conditional contract, which in effect, under the laws of the state of South Carolina, operated as a chattel mortgage. This contract of sale or chattel mortgage was never recorded, and on January 18, 1913, the Rutland-Perry Company was adjudicated bankrupt, having in its possession at the time of adjudication a large number of the vehicles described in the contract of sale or chattel mortgage. The trustee in bankruptcy took possession of these vehicles as part of the assets of the bankrupt, and thereupon the Southern Moline Plow Company filed a petition praying that the trustee be directed to deliver to it the vehicles in its possession, on the ground that it held a purchase-money chattel mortgage, which, although unrecorded, was good against all creditors by the statute of the state of South Carolina, except subsequent creditors without notice.

The referee decided that under the provisions of the Bankrupt Act as amended in 1910, to wit, under the provisions of section 47, subdivision a (2), the trustee was vested with the rights of subsequent creditors so far as these vehicles were concerned, and held them for the benefit, not merely of subsequent creditors, but of all the creditors, of the bankrupt. This construction would seem to have the effect of declaring that under the amendment of 1910 the trustee has not only the rights of creditors of the bankrupt, but greater rights—the rights that the creditors never possessed. Under the statute of South Carolina a chattel mortgage, although unrecorded, is good as against all prior simple contract creditors. It is void as to subsequent creditors without notice, whether lien creditors or simple contract creditors. The effect of the holding of the referee is to say that, although by the statute of South Carolina this mortgage is good as against prior creditors, yet that under the provisions of the Bankrupt Act the trustee is entitled to hold this property—although void only as against subsequent creditors, yet nevertheless to hold it as void as against prior creditors, and for their benefit. In this, in the opinion of the court, the referee erred.

The better construction of the amendment to the Bankrupt Act would appear to be that the trustee has all the rights of creditors, but not to endow the trustee with rights the creditors under the law never possessed. As against this unrecorded mortgage the only creditors who would have the right to claim it to be null and void as against them would be simple contract creditors, whose obligation was contracted subsequent to the execution of the unrecorded mortgage, and creditors holding claims contracted anterior to the execution of this unrecorded

mortgage, but who had acquired rights posterior to its execution and before its record by virtue of a lien acquired by a levy under attachment, execution, or otherwise. A simple contract creditor, whose debt as such was in existence anterior to the execution of this unrecorded mortgage, and so continued unchanged in form and without acquiring any lien until the adjudication in bankruptcy, would not appear to be entitled to have his rights enlarged merely by the fact of the adjudication in bankruptcy. There have been two decisions of the District Courts in this circuit on the question, viz.: In re Williamsburg Knitting Mill, 190 Fed. 871, holding that the adjudication in bankruptcy operated to annul the mortgage as against all creditors; and In re Riehl, 200 Fed. 455, holding that prior creditors without liens did not have their rights enlarged by the adjudication. In the opinion of the court the conclusion reached in the last case of In re Riehl is the better reasoned, and it will be so ordered in the present case.

It is thereupon ordered and adjudged that the claim of the Southern Moline Plow Company is good as against all creditors of the bankrupt holding claims prior in date to the execution of the unrecorded mortgage, except as to such of them as shall have, prior to the adjudication in bankruptcy herein, acquired a lien upon the property included in said chattel mortgage by attachment, levy, or otherwise. It is further ordered that the order of the referee dated February 28, 1913, be and the same is hereby reversed, and the matter is hereby referred back to the said referee, with instructions to ascertain if there are any creditors of the bankrupt within the categories hereinbefore adjudicated as entitled to treat said unrecorded mortgage as null and void. If there be none such, then it is ordered that the referee do direct the trustee to turn over to the petitioner the property mentioned in the mortgage. If there be any such creditors, then it is ordered that the referee do direct the trustee to sell the property and divide the proceeds, after payment of the proper charges, costs, and expenses thereon between the Southern Moline Plow Company, the mortgagee, and such creditors, in accordance with the rule laid down by the Supreme Court of South Carolina in Brown v. Sartor, 87 S. C. 116, 69 S. E. 88.