LLEWELLYN F. DAVIS AND WILLIAM J. BACON,
JR., ASSIGNEE,

*vs.*

LEO P. HARLOW, TRUSTEE OF THE ESTATE OF PERCY
W. PAGE, BANKRUPT.

*Mortgages*: *vendor's lien; defective execution.*

Where it is attempted to reserve a vendor's lien by a mort-
gage, if the mortgage lien falls because of neglect to comply
with positive statutory requirements, the vendor's lien falls also.
p. 169

The provisions in the Code for the time within which deeds
and mortgages are to be recorded, and the provision and lim-
ited effect for deeds and mortgages recorded after the specified
time, are for the protection of creditors becoming such after
the date of a mortgage unrecorded or defectively executed.
p. 169

*Decided January 31st, 1917.*

Appeal from the Circuit Court for Montgomery County.
(In Equity.)   (PETER, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*John Ridout,* submitted a brief for the appellants.

*Alexander Kilgour,* submitted a brief for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appeal in this case is from a decree declaring the title to the property in question to be vested in the appellee free and clear of a mortgage claim, and enjoining the appellants from prosecuting the foreclosure proceedings instituted.

The cause was heard upon bill and answer, and the facts, thus admitted and conceded, are that Percy W. Page was seized of the fee simple title to a piece of property which was conveyed unto him on the 1st day of October, 1912, by Llewellyn F. Davis and wife, and that on the same day the said Page and wife conveyed, by way of mortgage, the same property to the said Davis, reciting therein that the said mortgage was a purchase money mortgage, it not appearing on the face of the deed that any part of the purchase money was unpaid. Article 66, section 31 of the Code. The deed and mortgage were not recorded until more than six months after their date and there was no affidavit endorsed upon the mortgage, as required by section 32 of Article 21, in order to make it valid, except as between the parties. In addition there was no order of Court obtained to admit said mortgage to record. Code, Art. 16, sec. 34.

After the date of the execution of the mortgage, the said Page became indebted to numerous persons, who had no knowledge of the said mortgage; and which debts having been proved in the Bankruptcy Court the said Page was thereupon adjudicated a bankrupt on the 9th day of November, 1914. Leo P. Harlow, the appellee, was duly appointed trustee, and is now administering his estate. Davis, the mortgagee, assigned the mortgage to William J. Bacon, Jr., for purposes of foreclosure. Upon the said assignee commencing foreclosure proceedings, the appellee filed his bill to

have the title to the property declared vested in himself as trustee and to enjoin the foreclosure.

We are of the opinion that the lower Court was correct in the decree passed by it.

The Bankrupt Act was amended by the Act of June 25th, 1910, U. S. Stat. at Large, Ch. 412, sec. 8, in which additions were made to section 47 a (2). The amendment to that section provides as follows: "Such trustees, as to all property in the custody or coming into the custody of the bankruptcy Court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the Bankruptcy Court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

It would be thought that naturally this amendment would have been made to section 70a, the section dealing with the vesting of title in the trustees rather than to a section dealing with the duties of trustees.

Mr. Collier in the 9th edition of his work on *Bankruptcy,* p. 1005, discussing section 70a, as to whether property of the bankrupt vests in the trustee or not, says: "It must appear that the property in the possession of the bankrupt is subject to claims or liens valid as against his creditors, otherwise it passes to his trustee. For instance, the validity of a chattel mortgage or contract of conditional sale depends upon State statutes; ordinarily the title to property mortgaged or conditionally sold is retained by the mortgagee or vendor; but if there is a failure to comply with a State law which affects the validity of the transfer, the property passes to the trustee of the mortgagor or vendee in the same plight and subject to the claims of general creditors, as though bankruptcy had not intervened." It is said in the same work in discussing the purpose and effect of the amendment of 1910 at page 659: "A further object was to vest in the trustee the same right to attack secret unrecorded liens, where

record was required by the State law, as was given to the judgment creditors and others under that law. The class of cases, unprovided for by the original act, and intended to be reached by the amendment, was that in which no creditors had acquired liens by legal or equitable proceedings and to vest in the trustee for the interest of all creditors the potential rights of creditors potential with such liens. * * * The purpose of Congress was to embrace within these words every class of creditors with liens by legal or equitable proceedings favored by the varying registration laws of each of the States. The registration law of some States include but one of many classes of such creditors. In that case the purpose of Congress is not to be frustrated as to the included class because other classes included in the amendment were not included also in the registration act of that particular State. The breadth of language was used for the purpose of gathering in all classes protected by all registration Acts."

The case of *Pacific State Bank* v. *Coats,* 205 Fed. Rep. 618, was one dealing with the amendment, and it was there said: "It is the purpose of this amendment to vest in the trustee for the interest of all creditors the potential rights of creditors possessing or holding liens upon the property coming into his custody by legal or equitable proceedings. The trustee no longer stands in the shoes of the bankrupt, with the limited right of the bankrupt to attack unrecorded liens which may be valid and unimpeachable by such bankrupt; but the amendment by operation of law vests in him a lien equivalent to such as would be acquired by legal or equitable proceedings upon the property coming into his custody by virtue of the bankruptcy proceedings." *In re Riehl,* 200 Fed. 455; *In re Rutland-Perry Co.,* 205 Fed. 200.

By the registration laws of this State the mortgage was both defective in its execution and in its recording. By Code, Art. 21, sec. 31, all mortgages are required to be recorded within six months from the date of their execution;

and by Code, Art. 16, sec. 34, if it is not recorded within
that time it is necessary, by petition, to obtain an order of
Court authorizing its recording; and even then it can not
affect creditors without notice who may trust the party mak-
ing it; and by Code, Art. 21, sec. 32, it is provided, that no
mortgage shall be valid except as between the parties thereto,
unless there shall be endorsed thereon an oath or affirmation
of the mortgagee that the consideration in the said mortgage
is true and *bona fide* as therein set forth. These sections
have been passed upon in a long line of decisions in this
State and we must give them the force and effect they have
long been held to be entitled to, that is, that they are for the
protection of creditors becoming such after the date of mort-
gages either unrecorded or defectively executed. *Cockey* v.
*Milne,* 16 Md. 207; *Nelson* v. *Bank,* 27 Md. 73; *Sixth Ward
Bldg. Assn.* v. *Willson,* 41 Md. 506; *Dyson* v. *Simmons,* 48
Md. 207; *Stanhope* v. *Dodge,* 52 Md. 483.

There is no force in the contention of the appellants that
although the mortgage should be deemed insufficient as a
mortgage, yet the recording of it, though late, should be suffi-
cient notice of the existence of the vendor's lien. The lien
was attempted to be made by reserving it in the mortgage,
one of the two methods prescribed by the Code, and, surely,
if the mortgage falls because of neglect to comply with posi-
tive statutory requirements, then the lien falls also.

We are of the opinion, therefore, that the decree should be
affirmed.

*Decree affirmed, with costs to the appellee.*