<hr />

**MITCHELL v. NELSON et al. (two cases).**

**In re LOUCKES.**

(Circuit Court of Appeals, Fourth Circuit. January 11, 1927.)

Nos. 2532, 2543.

1. **Chattel mortgages ⊂⊃196—In Maryland unrecorded chattel mortgages were void against subsequent creditor without notice, and he could acquire superior lien.**

Under law of Maryland, where bankrupt's creditor had no knowledge of prior chattel mortgages having legal status of unrecorded incumbrances because recorded in wrong counties, they were void as to him, and he could by judgment and execution or by attachment acquire lien superior to mortgage liens, though he knew of mortgages when he began legal proceedings.

2. **Chattel mortgages ⊂⊃153—Holders of prior unrecorded chattel mortgages and subsequent creditor without notice, who took mortgage with notice, held entitled to share ratably.**

Where · bankrupt's creditor, when he became such, had no knowledge of two prior chattel mortgages having status of unrecorded incumbrances because recorded in wrong counties, but learned thereof before he took chattel mortgage, *held* that, as all three mortgagees were simple contract creditors, they were, as between themselves, entitled to share ratably in proceeds of mortgaged property.

3. **Bankruptcy ⊂⊃440—Adjudication awarding proceeds of property to prior unrecorded incumbrancers to exclusion of subsequent creditor without notice held reviewable by appeal, and not ·petition to revise.**

Adjudication awarding proceeds on sale of property to holders of prior unrecorded chattel mortgages to exclusion of subsequent creditor without notice, who took chattel mortgage with notice, *held* reviewable by appeal, and not by petition to revise, where review proceedings were commenced by such creditor before amendatory Bankruptcy Act of 1926 (44 Stat. 662) became effective.

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy; Morris A. Soper, Judge.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore, in bankruptcy; Morris A. Soper, Judge.

In the matter of Frank I. Louckes, bankrupt, in which Norman T. Nelson was appointed trustee in bankruptcy. On petition of Guy K. Mitchell, executor of Annie W. Mitchell, deceased, to superintend and revise in matter of law, and on appeal from, proceedings of the District Court awarding proceeds of sale of property to West Baltimore Bank and another to the exclusion of petitioner. Petition to revise dismissed. Decree reversed and remanded.

Charles S. Hayden, of Baltimore, Md., for petitioner and appellant.

Clarence A. Tucker, of Baltimore, Md. (Knapp, Tucker & Thomas, Jacob F. Murbach, and Wendell D. Allen, all of Baltimore, Md., on the brief), for respondents and appellees.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

ROSE, Circuit Judge. Upon a petition filed February 16, 1925, Frank I. Louckes was on that date adjudicated a bankrupt. Among his assets were a crane and a steam shovel, both covered by a duly executed and recorded chattel mortgage to one Mitchell. This mortgage dated and recorded on September 18, 1924, secured a debt of $1,760.40 contracted between February 29 and May 14, 1924. On the 16th of March, 1923, the bankrupt had mortgaged the crane and other property to the West Baltimore Bank, and on the 28th of February 1924, in like fashion he mortgaged the shovel to the Fidelity Trust Company. These last two mortgages were recorded in the wrong county and had the legal status of unrecorded incumbrances. When Mitchell became a creditor of the bankrupt, he was in entire ignorance of these instruments, but he learned of their existence just before he took his own mortgage.

By agreement the crane and shovel were sold by the trustee in bankruptcy. Neither of them brought enough to satisfy the unrecorded mortgage upon it and the net proceeds of both together did not equal the balance due on that to Mitchell. The referee and the District Court held that the trustee in bankruptcy was not entitled to any of the money coming from either of them because the mort-

gage to Mitchell had been made and recorded more than four months before the filing of the petition in bankruptcy. He was awarded the proceeds of such property as was covered by either of the unrecorded mortgages but was not mentioned in that to Mitchell because, as he represented creditors who had trusted the bankrupt, without having any notice of the unrecorded instruments, his rights were not affected by them. It was, however, adjudged that the mortgagees in them should be preferred to Mitchell because when he took his mortgage, he knew of the existence of the other two. In substance, it was ruled that while the mortgage to Mitchell gave him nothing, it was effectual to take from the trustee money which would otherwise have gone to him.

It was thought that this somewhat peculiar result was required by the Maryland decisions and especially by the comparatively recent case of Roberts v. Robinson, 141 Md. 37, 118 A. 198. In it a bankrupt had entered into an unrecorded agreement with Robinson. This agreement the court construed to be at once a conditional sale of cans with reservation of title to them and the creation of a lien upon whatever the bankrupt put into them. In either aspect, it was held to be altogether ineffectual as against the trustee in bankruptcy representing subsequent creditors. The proceeds of the sale of the cans and their contents amounting to some $9,000, would therefore have gone to him had there been nothing in the case other than this unrecorded agreement. It so happened, however, that after its execution, and with the knowledge of its existence, and before the bankruptcy, Roberts actually advanced some $8,500 to the bankrupt and took actual possession of the cans and their contents as security therefor. As the loan was for present consideration, it was said it was good as against the trustee in bankruptcy, but that, as Roberts knew of the prior agreement when he made it, he would not be allowed to profit by what the law said was his fraudulent act. It was consequently ruled that, while his advance of $8,500 was to that amount effectual to defeat the claim of the trustee, it profited him nothing as against Robinson.

In point of fact, the Roberts advance of $8,500 was treated as having, so far as it went, made good against the world Robinson's otherwise void lien, and the latter was held entitled to the proceeds of the canned goods in which, but for it, he would have had the rights of an unsecured creditor only. The sum of less than $500, which represented the difference between the value of the cans and their contents and the advance of Roberts, was all that was allotted to the trustee.

[1] In the instant case, not only has the trustee refrained from appealing, but he has expressly disclaimed all interest in the controversy. We intimate no opinion as to whether he was or was not well advised in so doing, or as to what we should have held his rights to have been had he here challenged the decree below. Under the circumstances our review is limited to the relative pretensions of Mitchell and of the holders of the unrecorded instruments. The position of Mitchell differs from that of Roberts in the case referred to, in that, when Roberts made his advance, he knew of Robinson's prior equitable lien. When the bankrupt became indebted to the former, he knew nothing of these prior papers, and under the law of Maryland they were void as to him. Nelson v. Hagerstown Bank, 27 Md. 52; Carson v. Phelps, 40 Md. 73; Sixth Ward Building Association v. Willson, 41 Md. 506; Dyson v. Simmons, 48 Md. 209; Pfeaff v. Jones, 50 Md. 263; Stanhope v. Dodge, 52 Md. 485; Brown v. Maryland Mining & Manufac. Co., 55 Md. 547; Nally v. Long, 56 Md. 567; Hoffman v. Gosnell, 75 Md. 577, 24 A. 28; Textor v. Orr, 86 Md. 392, 38 A. 939; Davis v. Harlow, 130 Md. 165, 100 A. 102; Roberts v. Robinson, supra. By judgment and execution thereon, or by process of mesne attachment, if circumstances justified, he could have acquired a lien upon the property covered by the prior mortgages, superior to any which their holders could assert, although at the time he began legal proceedings he knew of them. Pfeaff v. Jones, supra; Brown v. Maryland M. & M. Co., supra.

[2] Why, then, might he not secure by mortgage rights which the courts would have given him for the asking? Because he could not get a mortgage unless the bankrupt gave him one, and that was something which both he and the bankrupt then knew the latter had no moral right to give. However ineffective the prior mortgages were as against Mitchell, they were binding on the conscience of the man who had executed and delivered them, and Mitchell could not profit by the bankrupt's breach of faith. 2 Pomeroy's Equity Jurisprudence, § 688. Does it follow that the decree below was right? We think not. Mitchell, it is true, took nothing by his mortgage, but we do not see that he lost anything by it. Before it was given him, the unrecorded mortgages were void as to him. As far as he was concerned their holders, like himself, were simple contract creditors, and, if he was the only other person entitled to share in the

proceeds of the mortgaged property, as the trustee concedes he is, such proceeds would have been distributed among the mortgagees and Mitchell in proportion to their respective claims. We see no reason why the same rule should not now apply. To hold otherwise would be, not only to set aside the mortgage to Mitchell as we do, but to forfeit that to which, but for it, he was entitled.

It follows that Mitchell, to the extent of his claim, after crediting upon it whatever he has received from the property mortgaged to him and not covered by either of the prior mortgages, should participate ratably with the prior mortgagees in the net avails of the crane and the shovel. The sum going to him should be deducted proportionately from the net proceeds of the crane and the shovel respectively. The balance remaining of each should be paid to the holder of the unrecorded mortgage upon the article from which it was derived.

[3] The proceedings to secure a review were begun before the going into effect of the amendatory Bankruptcy Act of 1926 (44 Stat. 662). Mitchell has brought his case before us both by petition to superintend and revise and by appeal. The latter appears to us to be the proper remedy. It follows that the petition to superintend and revise, in case No. 2532 on our docket, will be dismissed, with costs, and in No. 2543 the decree below will be reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

Case No. 2532, dismissed.

Case No. 2543, reversed.