### In re BOWLING CONST. CORPORATION.

#### Petition of NEISWENDER.

District Court, D. Maryland. May 12, 1927.

1. Bankruptcy ⚫151—Statute held to give bankruptcy trustee rights of lien or judgment creditor to protect general creditors from unrecorded liens (Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 [Comp. St. § 9631]).

Purpose of Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), vesting bankruptcy trustee, as respects property in custody of bankruptcy court, with all rights, remedies, and powers of creditor holding a lien, was to give trustee the rights of a lien or judgment creditor, enabling him to protect general creditors from unrecorded liens, which a lien or judgment creditor might have attacked, had bankruptcy not intervened.

2. Bankruptcy ⚫151—State law controls as to rights of lien or execution creditor, as respects bankruptcy trustee's rights (Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 [Comp. St. § 9631]).

As respects bankruptcy trustee's rights as lien or judgment creditor under Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), state law controls as to what rights lien or execution creditor has.

3. Trusts ⚫66—In Maryland, trust on realty created by defective deed or mortgage is valid, with certain exceptions, against general creditors and subsequent judgment creditors.

In Maryland, a trust on real estate created by an unrecorded or otherwise defective deed or mortgage is valid, and, with certain

statutory qualifications, will be enforced in equity against subsequent judgment creditors and prior and subsequent general creditors of the settlor of the trust, where the trust is expressly created by unrecorded deed or by valid contract in writing for specific security.

4. **Mortgages ⟨=⟩244(1)—Rights of assignee of mortgage notes are subordinate to rights of one dealing with record holder of mortgage in reliance on record without notice (Code Pub. Gen. Laws Md. 1924, art. 66, § 25).**

Under Code Pub. Gen. Laws Md. 1924, art. 66, § 25, creating conclusive presumption that title · to notes secured by mortgage vests in person holding record title under mortgage, rights of assignee of mortgage notes are subordinate to rights of one who, in reliance on record and without notice of assignment of notes, deals with record holder of mortgage.

5. **Mortgages ⟨=⟩244(1)—As between record holder of mortgage and assignee of mortgage notes, record holder holds mortgage in trust for assignee (Code Pub. Gen. Laws Md. 1924, art. 66, § 25).**

Notwithstanding Code Pub. Gen. Laws Md. 1924, art. 66, § 25, where record holder of mortgage assigns mortgage notes, mortgage lien, as between record holder and assignee of notes, is held by record holder in trust for such assignee.

6. **Bankruptcy ⟨=⟩155—Interest of assignee of mortgage notes in mortgage lien held superior to that of bankruptcy trustee of record holder of mortgage (Code Pub. Gen. Laws Md. 1924, art. 16, § 35, art. 21, §§ 19-21, and art. 66, § 25).**

In view of Code Pub. Gen. Laws Md. 1924, art. 16, § 35, article 21, §§ 19-21, and article 66, § 25, where record holder of mortgage assigned mortgage notes without assigning mortgage, *held*, that assignee of notes had equitable interest in mortgage lien superior to that of subsequent judgment creditors or prior general creditors, and therefore under Bankruptcy Act, § 47a, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), bankruptcy trustee of record holder had no interest in mortgage debt or lien on land.

.In Bankruptcy. In the matter of the Bowling Construction Corporation, bankrupt. On petition of Eli G. Neiswender for an order directing bankruptcy trustee to execute assignment of mortgage to petitioner. Petition granted.

Herbert C. Forrester and Daniel S. Sullivan, both of Baltimore, Md., for petitioner.

John Thomas Scheu and Albert A. Sapero, both of Baltimore, Md., for trustee.

SOPER, District Judge. Eli G. Neiswender is the holder of a promissory note for $950, dated January 21, 1924, payable two years after date to the Bowling Construction Corporation. It recites that it is secured by mortgage of even date. It was indorsed by the payee and delivered to Neiswender on or about April 10, 1924, in part payment of certain indebtedness, in accordance with an oral agreement that the note and the mortgage by which it was secured should be assigned to him. The mortgage covers certain real estate in Baltimore City and was duly recorded among the land records thereof, but through some oversight the assignment of the mortgage was never executed. The Bowling Construction Corporation was adjudicated a bankrupt on the 6th day of October, 1926, having general creditors who became such both before and after the assignment of the mortgage note. The note remains unpaid, and Neiswender has filed a petition wherein he prays the court to direct the trustee to execute an assignment of the mortgage, so that he may hold, not only the evidence of indebtedness secured thereby, but also the record title thereto. The trustee sets up the claim that the indebtedness is a part of the estate in bankruptcy, and does not belong to the holder of the mortgage note.

[1] It is not denied that, as between the mortgagee and the assignee, the assignment was valid, but it is contended that the trustee in bankruptcy does not stand precisely in the shoes of the bankrupt mortgagee, for the reason that by the provisions of section 47a of the National Bankruptcy Act, as amended by the act of 1910 (Comp. St. § 9631), the trustee is vested, as to all property in the custody of the bankruptcy court, with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. The purpose of the amendment ·was to give the trustee the rights of a lien or judgment creditor, enabling him to protect general creditors from unrecorded liens, which a lien or judgment creditor might have attacked, had·bankruptcy not intervened. See the authorities cited to section 47a in Collier on Bankruptcy, 1054, note 57.

[2] The state law controls as to what rights a lien or execution creditor would have. In re Floyd-Scott Co. (D. C.) 224 F. 987; Hoyt v. Zibell (C. C. A.) 259 F. 186; Holt v. Crucible Steel Co., 224 U. S. 262, 265, 32 S. Ct. 414, 56 L. Ed. 756. The question, therefore, to be determined, is whether, under the Maryland law, the assignee of a mortgage note, who does not also hold record title to the mortgage securing the note, takes precedence over prior general creditors and subsequent judgment creditors of the mortgagee. The effect of the transfer of mortgage notes without an assignment of the mortgage (prior to the enactment of the statute hereinafter discussed) under the Maryland law is described by the Court of Appeals of Maryland in Demuth v. Old Town

Bank, 85 Md. 315, 323, 37 A. 266, 267, 60 Am. St. Rep. 322, as follows:

"Now it cannot be doubted that prior to the adoption of Acts 1892, c. 392 (which, however, has no application to this case), the law of Maryland was, and still is, except in so far as modified by the statute just named, that the indorsement or assignment of a promissory note secured by a mortgage gives to a bona fide holder of such note the benefit of the lien of the mortgage as fully as though he had been named as the actual mortgagee, and this, too, though the public records furnish no evidence of the indorsement or transfer and delivery of the note. The transfer or indorsement of the note, which is the principal, carries the mortgage, which is the incident, and effectually clothes the bona fide holder of the note with the lien of the mortgage itself."

[3] Obviously, if the bona fide assignee of the note is clothed with the lien of the mortgage itself, the mortgagee, in whose name the mortgage is recorded, must hold it for the benefit of the holder of the notes. Now it is well settled in a great number of cases in Maryland that a trust upon real estate, created by an unrecorded or otherwise defective deed or mortgage, is valid, and with certain statutory qualifications will be enforced in equity against subsequent judgment creditors, as well as prior and subsequent general creditors of the settlor of the trust. The doctrine is applicable, whether the trust be expressly created by deed unrecorded, or whether it arises from a valid contract in writing for specific security. Carson v. Phelps, 40 Md. 73, 99. The theory underlying the rule was clearly expressed by Judge Alvey in the leading case in Maryland of Dyson v. Simmons, 48 Md. 207, where the relative rights of a mortgagee under a defective mortgage of real estate and a subsequent judgment creditor of the mortgagor were considered:

"The principle is now so well settled that it would seem to be beyond all question and controversy that if a party makes a mortgage, or affects to make one, but it proves to be defective, by reason of some informality or omission, such as failure to record in due time, defective acknowledgment, or the like, though even by the omission of the mortgagee himself, as the instrument is at least evidence of an agreement to convey, the conscience of the mortgagor is bound, and it will be enforced by a court of equity. * * * As against the mortgagor himself, this proposition was never regarded as questionable; * * * but as against judgment creditors of the mortgagor, obtaining their judgments subsequent to the date of the mortgage, there was formerly some dispute. The question, however, both in England and in this state, has been long since settled; and the cases, without an exception, so far as we are informed, hold that a judgment, being but a general lien, must be subordinated to the superior equity of a prior specific lien, created by a defective mortgage or conveyance. Judgments create liens only because the land is made liable by statute to be seized and sold on execution; * * * but such lien secures to the creditor neither jus in re nor jus ad rem."

See, also, Doxen v. Wagner, 142 Md. 441, 121 A. 254.

The rule is modified for deeds or conveyances of land, except deeds or conveyances by way of mortgage, by the provisions of article 21, §§ 19 to 21, of the Maryland Code, which provide that any such deed may be recorded after the expiration of the statutory period of six months from its date (see article 21, § 13), and when so recorded shall have, as against creditors who become so after the recording, the same effect as if recorded within the prescribed time, but as against all creditors who become so before the recording, without notice, the deed shall have effect only as a contract for the conveyance of the estate purported to be conveyed. The design of these provisions was perhaps the protection of creditors against unrecorded deeds, but it was held by the Court of Appeals of Maryland in Cramer v. Roderick, 128 Md. 422, 98 A. 42, that, if such was the purpose of the Legislature, the framers of the statute were unfortunate in their choice of expression, since the equitable title to land immediately passes from vendor to vendee under a contract of conveyance, and a specific equitable lien in favor of the vendee immediately arises. Consequently the court held, under the authority of Dyson v. Simmons, supra, that the interest of the vendee under a deed recorded more than six months after date could not be seized and sold under an execution by a judgment creditor of the vendor, who became such after the execution of the contract of sale and before the deed was recorded. The court referred to certain broad expressions in divers prior opinions seemingly in conflict with the rule laid down, but pointed out that these decisions related to defective mortgages as to which another provision of the Maryland Code is applicable, to wit, article 16, § 35, which provides that a mortgage recorded after the expiration of six months, shall not affect the creditors of the party making it, who trust the mortgagor after the date of the mortgage.

As already indicated, no assignment of mortgage was ever executed or recorded in the

case at bar. If it be proper, nevertheless, to consider the holder of the mortgage note as entitled to no greater right than would be accorded to the holder of an unrecorded assignment of mortgage, or one recorded after the expiration of the statutory period, in analogy with the action of the Court of Appeals of Maryland in Dyson v. Simmons, 48 Md. 207, at page 218, then the proper statute to be applied here is the one applicable to all deeds except mortgages, contained in article 21, §§ 19 to 21; for it was held in Getz v. Johnston, 143 Md. 543, 123 A. 74, that a deed of assignment of mortgage is not a deed by way of mortgage since it imposes no lien upon the granted estate. The rights of a trustee in bankruptcy, since the amendment of 1910 of the Bankruptcy Act, under circumstances relevant to this discussion, have been twice recently passed upon by the Court of Appeals of Maryland. In Jones v. Dugan, 124 Md. 346, 92 A. 775, it was held that the rights of such a trustee to real estate standing upon the record in the name of the bankrupt alone, are subordinate to the rights of one who has a beneficial equitable interest in the property acquired under a written agreement between the bankrupt and himself, by which the parties agreed jointly to purchase the property with the understanding that each should have a half interest in it, and that the property should be held for the joint and equal benefit of both. On the other hand, the same court held in Davis v. Harlow, 130 Md. 165, 100 A. 102, recognizing the distinction between the statutory provisions applicable to deeds and mortgages respectively, that the rights of a mortgagee in the case of a defectively recorded mortgage, are subordinate to those of the trustee in bankruptcy of the mortgagor. It is thus quite clear that by a number of recent decisions, the Court of Appeals has reaffirmed the general doctrine of Dyson v. Simmons, supra.

Against this array of authority, the trustee in bankruptcy in the case at bar relies exclusively on the decision of the Circuit Court of Appeals for the Fourth Circuit in Millikin v. Second National Bank (C. C. A.) 206 F. 14, where, in dealing with a chattel mortgage upon a vessel, the court declared that the Court of Appeals of Maryland had not passed upon the precise question involved, and held that under the Maryland law, the rights of a creditor holding a lien by legal or equitable proceedings against a chattel are superior to those of a mortgagee under a chattel mortgage not recorded as required by what are now sections 44 to 51 of article 21 of the Maryland Code. An unrecorded mortgage in the hands of a creditor of a bankrupt mortgagor was therefore declared invalid to confer a lien on the mortgagee as against the trustee in bankruptcy. Whether the Maryland statutes require a rule to be applied to chattel mortgages different from that which has been held applicable to mortgages of real estate, it is not necessary to determine in this case which involves real estate alone. The decisions of the Court of Appeals of Maryland subsequent to Millikin v. Second National Bank, supra, in so far as they declare the Maryland law, must control. Since they relate specifically to deeds and mortgages affecting real estate, the rule enunciated in them will be applied to the case at bar. It may be noted in passing that the Court of Appeals of Maryland, in Davis v. Harlow, supra, a decision rendered later than Millikin v. Second National Bank, cited with approval on another point the opinion of the United States District Court in the last-mentioned case reported at 200 F. 455, but made no mention of its reversal by the Circuit Court of Appeals.

The trustee in bankruptcy further contends that, whatever be the rule generally when defective mortgages or deeds are in question, the rights of the trustee in bankruptcy in the case at bar are fixed by the Act of Assembly of Maryland of 1892, c. 392, as amended in 1910, and now codified as article 66, § 25, of the Maryland Code. It provides:

"The title to all promissory notes and other instruments hereafter made, and debts hereafter contracted, secured by mortgage or deeds in the nature of a mortgage, shall both before and after the maturity of such notes, other instruments or debts, be conclusively presumed to be vested in the person, persons or body corporate holding the record title to such mortgage or deed in the nature of a mortgage; and if such mortgage or deed in the nature of a mortgage is duly released of record, the promissory notes, other instruments or debts secured by such mortgage or deed in the nature of a mortgage, shall both before and after the maturity of such promissory notes, other instruments or debts, be conclusively presumed to be paid so far as any lien upon the property conveyed by said mortgage or deed in the nature of a mortgage is concerned."

Relying upon this conclusive presumption of title, the trustee says he should be permitted to collect the mortgage debt for the benefit of the bankrupt estate.

The object which the statute was intended to accomplish is well known to the Maryland bar. As was said in Dickey v. Pocomoke City Bank, 89 Md. 280, 296, 43 A. 33, 35: "The

object of the act was to avoid the complications that often arose by reason of the fact that the release of a mortgage by the mortgagee was not valid, unless he also owned the evidences of debt secured by it, and hence it often left the titles to the mortgage property involved, as the ownership of the evidences of debt was not necessarily, or usually, a matter of record." The controversy in that case arose between the pledgee of certain single bills, secured by the mortgage, on the one side, and the assignee of the mortgage itself, on the other. The mortgage was properly recorded in the District of Columbia. The court held that the statute was not applicable, since it applied only to mortgages properly recordable in Maryland, and could not assume that a similar statute existed in the District of Columbia, since it made "a complete change of the law on the subject in this state. Prior to its passage the mortgage followed the debt secured by it, and became the property of the owner of the latter, but since then the debt, after maturity, follows the mortgage, and is conclusively presumed to belong to the person holding the record title to the mortgage."

It is apparent that the language of the statute, wherein it establishes the conclusive presumption that the title to the notes resides in the person holding the record title to the mortgage, is very broad, as is also the language of the Court of Appeals just quoted. The decisions of the court, however, in cases in which the statute has been held applicable, do not involve controversies between general or judgment creditors, on one side, and the holders of mortgage notes, on the other. In Morrow v. Stanley, 119 Md. 590, 87 A. 484, it was held that the holder of a written assignment of mortgage duly recorded could give a good release of the mortgage upon payment thereof to the mortgagor, which would give him clear title to the property, although the mortgage notes were outstanding in the hands of holders for value without notice. Similarly the title of the holder of a recorded assignment of a mortgage was held good as against the holder of the mortgage notes in the recent case of Frederick County National Bank of Maryland v. Brown, 137 A. 351, decided March 23, 1927, published in the Daily Record of April 11, 1927. See, also, Bower v. Kelbaugh, 147 Md. 364, 128 A. 37.

[4, 5] These cases abundantly establish the rule that, when the issue lies between the holder of mortgage notes, on the one side, and one who, relying upon the record and without notice of the assignment of the notes, has dealt with the record holder of the mortgage, the loss must fall upon the holder of the notes. Such, however, is not the situation of the parties in the case at bar. In legal effect the controversy here is between the holder of the mortgage note, on the one hand, and a subsequent judgment creditor of the mortgagee having record title to the mortgage, on the other. Bearing in mind the established rule as to the superiority of a specific equity or trust imposed upon real estate over the general lien of a judgment subsequently acquired, it is necessary to determine the nature of the situation which was created when the Bowling Construction Company, as mortgagee, transferred the mortgage note to Neiswender, intending to transfer thereby the mortgage indebtedness, but failed to execute an assignment of the mortgage.

If the Maryland statute is to be taken literally, and means that under all circumstances the title of a mortgage note is conclusively presumed to be lodged in the holder of the record title of the mortgage, then, notwithstanding the indorsement of the note by the Bowling Construction Corporation, it retained the title to the note and the indebtedness, and Neiswender took nothing. Such a result, however, could hardly have been intended by the Legislature. That body had particularly in mind the conflicting rights of the holders of mortgage notes, on the one hand, and the holders of the recorded mortgage, on the other, under the Maryland rule that the indebtedness is the principal, and the mortgage the subsidiary thing, and that the transfer of mortgage notes, without more, carries with it a transfer of the mortgage. The act was intended to protect those who, relying upon the land records, should deal with the record owner of the mortgage rather than the holder of the notes as the real party in interest. To suppose that the Legislature intended to go further, and to declare that the holder of the record title might part with the notes for value, and at the same time retain full title to the indebtedness, is to reach a result too unjust to be entertained. It follows that, when such a transfer takes place, the indebtedness as between the holder of the mortgage and the assignee of the notes must become the property of the assignee, and that the lien of the mortgage, which exists only to secure the payment of the indebtedness, must be held by the mortgagee in trust for the benefit of the assignee.

So far as we are advised, the matter has not been specifically passed upon by the Court of Appeals of Maryland, but there are certain expressions in the opinion of the court and in the dissenting opinion in Baltimore v. Harper,

148 Md. 234, 129 A. 641, that justify the suggested interpretation of the statute. In that case the court was considering the taxability of a mortgage participation certificate issued by a corporation mortgagee, and distributing to subscribers rights and interests under a single specified mortgage. It was held by the court that such certificate was not an assignment of a mortgage, but it was indicated that when mortgage notes are assigned, without an assignment of the mortgage, the mortgagee becomes trustee for the assignee. Chief Judge Bond, speaking for the court, said:

"It is not, of course, an assignment of mortgage according to the ordinary meaning of those words, for the holder of the certificate does not have ownership and control of the mortgage transferred to him. The issuing company remains mortgagee of record, and therefore is, *so far as other persons are concerned,* conclusively presumed to be the holder of all title in the mortgage. Code, art. 66, § 25. [Italics ours.] * * * The only change in the legal position of the company is that, instead of holding the mortgage in its own right, as by virtue of the record it is presumed to do, it holds upon an unrecorded trust for the certificate holder, and that it takes upon itself, over and above that, a direct obligation for payment, irrespective of the mortgage security."

Judge Parke, dissenting, was of the opinion that the mortgage was a legal and technical mortgage, within the meaning of the statutory law of this state. He said:

"The legal title to the mortgage debt, no matter how evidenced, is conclusively presumed to be in the party holding the record title to the mortgage deed, and this legal title may be assigned by deed or by an assignment indorsed on the mortgage itself in the form indicated by the statute. The equitable title to the mortgage indebtedness may, however, be in an assignee under an assignment not of record, or without the requisites of a formal legal assignment."

[6] The conclusion is that, when the Bowling Construction Corporation transferred the mortgage note to Neiswender, it thereby conferred upon him a specific equitable interest in the mortgage lien upon the land, the record title to which it retained. This interest, under the Maryland law, is superior to that of a subsequent judgment creditor, as well as to the claims of prior general creditors, and consequently the trustee in bankruptcy has no interest either in the mortgage debt or in the lien upon the property.

The prayer of the petition will be granted.