## In re LEVEN.

### No. 9634.

District Court, D. Maryland.

Dec. 30, 1941.

Samuel J. Friedman, of Baltimore, Md., for trustee.

Edwin J. Wolf, of Baltimore, Md., for claimant, Simpson & Co.

CHESNUT, District Judge.

In the course of administration of the above bankruptcy case, the trustee in bankruptcy sold certain chattels theretofore belonging to the bankrupt for $237.29. A. L. Simpson & Co., small loan brokers, then filed a petition with the referee praying that the proceeds of sale should be paid to them as secured creditors under a chattel mortgage. The trustee in bankruptcy opposed the petition on the ground that the chattel mortgage was invalid as to subsequent creditors because the affidavit thereto as required by the Maryland statutes was defective. After hearing the parties the referee held that the chattel mortgage was good, and directed the trustee to pay the sum of $237.29 (less certain expenses of sale) to the chattel mortgagees. The trustee in bankruptcy has petitioned for review of this order of the referee; and in addition to the particular ground for the alleged

invalidity of the mortgage argued before the referee, has now assigned an additional ground on which the mortgage is said to have been defective, that the acknowledgment and affidavit thereto was certified to by a notary public who was one of the mortgagees.

█ After hearing counsel and examining in detail the applicable Maryland statutes and judicial decisions, I have reached the conclusion that the mortgage was defective both for the reason assigned before the referee and also for the additional reason now assigned here for the first time.

The point made before the referee was that the mortgage was defective in that the affidavit to the consideration therefor was made by an agent, but the affidavit as endorsed on the mortgage failed to contain the statement that the affiant was the agent of the mortgagee. See Md.Code of 1939, Art. 21, §§ 34, 35 and 54. Section 34 now provides that—"No mortgage shall be valid except as between the parties thereto, unless there be endorsed thereon an oath or affirmation of the mortgagee that the consideration in said mortgage is true and *bona fide* as therein set forth."

Section 35 provides that where the affidavit (required by section 34) is made by an agent—"he shall, in addition to the affidavit above mentioned, make affidavit, to be endorsed upon the mortgage, that he is the agent of the mortgagee or mortgagees, or some one of them; which affidavit shall be sufficient proof of such agency; and the president, or other officer of a corporation, or the executor of the mortgagee may make such affidavit." Sections 34 and 35 deal specifically with real estate mortgages (see § 33). Section 54 deals specifically with bills of sale and chattel mortgages. As it *now* appears in the Code, the provision is that the chattel mortgage will not be valid unless the mortgagee or his agent—"shall make an affidavit that the consideration in said bill of sale or mortgage is true and bona fide as therein set forth, and no mortgage of personal property executed since March 27, 1902, shall be valid, except as between the parties thereto, unless in addition to the above prescribed affidavit, the mortgagees, or some one of them, or the agent of some one of them *shall make the further oath or affirmation prescribed by section 34*, and such affidavit may be made at any time before recording, and before any person authorized to take the acknowledg-

ment of such bill of sale or mortgage." (Italics supplied)

In a clearly expressed opinion the referee took the view that the language of section 54 above quoted and italicized, was legally nugatory and ineffective, because section 34 therein referred to *now* makes no requirement for a *further* affidavit beyond the one that the consideration in the mortgage was true and bona fide as therein set forth. Of itself this is true, but it is not conclusive by reason of a somewhat long story of statutory enactments and repeals and codifications of statutes which must be now considered.

█ It will have been noted that where an affidavit to the consideration of a *real estate mortgage* is made by an agent, the latter must also make affidavit that he is the agent of the mortgagee. And preliminarily it may be observed that there is no particular reason why a similar requirement should not be made with respect to chattel mortgages. In this connection we find that in the Md.Code of 1888, Art. 21, § 49, it was expressly provided that mortgages of personal property should not be valid, except as between the parties, unless the mortgagee, "or the agent of some one of them, shall make the affidavit required to be made by mortgagees of real estate". The Code of 1888 became *the* law of the State, superseding prior statutory law. See Md.Act of 1888, c. 74, the preface to the Code of 1888. But the Codes of 1904, 1924 and 1939 (hereinafter referred to) are merely made *evidence* of the law and therefore are not controlling when inconsistent with the statutes of the State passed since the Code of 1888. De Murguiondo v. Frazier, 63 Md. 94; Barron v. Zimmerman, 117 Md. 296, 301, 83 A. 258, Ann.Cas. 1914 D, 574; Reese v. Starner, 106 Md. 50, 53, 66 A. 443; State v. Coblentz, 167 Md. 523, 526, 175 A. 340. The language of the Code of 1888, Art. 21, § 49, has been changed in the subsequent Codes to give effect to the codifiers' views of subsequent legislation. Section 49 of Art. 21 in the 1888 Code became section 50 of Art. 21 of the 1904 Code, and was carried forward as Art. 21, section 53 of the 1924 Code, and now is section 54 of Art. 21 of the 1939 Code. It will be noted that the language of the section is precisely the same in the Codes of 1904, 1924 and 1939, with the exception of the number of the prior section referred to, that is the section relating to real estate mortgages, the number of which varies in

the several Codes; but the wording of the section in the Codes subsequent to 1888 varies materially from that of the corresponding section 49 in the Code of 1888. It is therefore necessary to examine the several relevant Acts of Assembly subsequent to 1888 to trace the history of the change and to ascertain whether the codifiers have correctly interpreted and stated the effect of the several statutes.

The occasion for the change in the wording of section 49 of the Code of 1888 in the subsequent Codes, was due to the passage of the Maryland Act of 1896, c. 120, which added certain sections to Art. 81 of the Code of 1888 on the subject of revenue and taxes. By sections 146A, 146B, 146C, and 146D there was imposed on mortgagees a tax of 8 percentum upon the interest payable under mortgages of real and personal property. Section 146D for the first time required that the mortgagee, "in addition to the usual oath as to the bona fides of the consideration, shall take an oath to be endorsed upon the mortgage, and to follow immediately after the afore-mentioned oath" to the effect that the mortgagee has not required the mortgagor to pay the tax on the interest. Section 146D was amended by the Act of 1898, c. 275, to permit this additional affidavit to be made by an agent or attorney of the mortgagee. Section 146D was again slightly amended as to phraseology by c. 26 of the Acts of 1902. By the Act of 1904, c. 405, §§ 146A, 146B, 146C, and 146D (including the whole 8% mortgage interest tax) was repealed so far as it applied to Baltimore City and certain of the Maryland Counties, and by subsequent Acts of Assembly prior to 1924, the repeal was extended to all Maryland Counties, except Frederick County. See Md. Code of 1924, Art. 81, § 198.

Mr. Poe, the codifier of the Code of 1904, had completed a revision of the 1888 Code in 1903, and was authorized by chapter 72 of the Acts of 1904 to publish his Code (upon the addition thereto of the Acts of the session of 1904) and thereby the Code of 1904 was made *evidence* of the public general laws of the State. See Preface to Code of 1904. The situation that Mr. Poe then had before him was that section 146D of Art. 81, requiring the added affidavit with regard to the tax on mortgagees, was effective in the majority of the Counties of the State, and was therefore in one sense still a general law. As the requirement for this additional affidavit directly affected the validity of many mortgages on both real and personal property, Mr. Poe evidently thought that it would be desirable to incorporate the requirement into the sections of Art. 21 which prescribed the formalities necessary in the execution of a valid mortgage. He thereupon changed the phraseology of section 30 of Art. 21 of the Code of 1888, relating to real estate mortgages, and section 49, relating to chattel mortgages, by inserting the substance of section 146D of Art. 81 in section 30 of Art. 21 of the Code of 1904, and changed the wording of section 50 (formerly 49) by omitting the wording that referred to mortgages of real estate specifically, but impliedly having the same result in making reference therein to the necessity of the further affidavit required by section 30, which related to real estate mortgages. The requirement for the additional oath to chattel mortgages as prescribed by section 30 necessarily meant that, if the affidavit was made by an agent, it must contain the statement that the affiant was the agent, as provided in the next succeeding section to section 30. As the matter then stood, it appears that Mr. Poe correctly interpreted the effect of section 146D of Art 81; and there is no reason to infer that the amendments that he made in the phraseology of the two sections were intended to change the then existing ·law that the affidavits required for real estate mortgages and chattel mortgages were the same. And the Legislature itself has never changed this requirement of section 49 of the 1888 Code, so far as I can find.

The present complication has come about by reason of the subsequent repeals of section 146D of Art. 81, relating to the tax and the affidavit; and it seems that the codifier of the Code of 1924, in re-writing sections 33 and 53 of that Code, should have re-written them in the language of the corresponding sections, 30 and 49 of the Code of 1888. With respect to the present Code of 1939 the corresponding sections are Art. 21, §§ 34 and 54. As to section 34, it is to be noted that it was re-written by the Maryland Act of 1935, c. 482 (it then being section 33 of the 1924 Code) in the language in which section 34 now appears in the 1939 Code. But the codifier continued the phraseology of section 54 of Art. 21 in the same language that appeared in the corresponding section of the Codes of 1904 and 1924.

■ The result of this is that we must revert to the Code of 1888 to ascertain the

controlling statutory requirements with respect to the affidavit by an agent of a mortgagee. And we have seen that in the Code of 1888 where the affidavit to a mortgage (whether of real estate or chattels) is made by an agent of the mortgagee, the agent, in addition to the affidavit that the consideration is true and bona fide, must also make an affidavit to be endorsed upon the mortgage, that he is the agent of the mortgagee or mortgagees or some one of them. In the present case the affidavit is defective in this respect, as the agent merely "made oath in due form of law that the consideration set forth in the within mortgage, is true and bona fide as therein set forth". It is not disputed as a fact that the affiant (Winslow E. Hirth, attorney in fact of A. L. Simpson & Co.) was an authorized agent to make the affidavit, and indeed there was filed with the referee a letter of authority from Simpson & Co. to him to act in that capacity generally; but the statute requires that the additional affidavit referred to must be endorsed upon the mortgage, and this was not done in this case. It therefore results necessarily as a strict matter of statutory law that the mortgage was defective and void as to subsequent creditors. There appears to be no Maryland decision expressly holding a chattel mortgage defective for want of affidavit as to agency, but it has been so held by the Court of Appeals of Maryland with reference to a real estate mortgage. In Milholland v. Tiffany, 1885, 64 Md. 455, at page 459, 2 A. 831, at page 833, the Court said: "the mortgage under which the appellee claims is in our opinion, fatally defective. No mortgage in this state is valid, except as between the parties, unless the mortgagee makes oath that the consideration is true and bona fide; and if the oath is made by an agent, such agent must, in addition to the above affidavit as to the consideration, make oath also *that he is the agent of the mortgagee;* the object being, of course, to prevent persons making oath to the consideration who are not in fact the agents of the mortgagees. But, be the object as it may, such are the plain and imperative requirements of the statute." To the same effect is the late case of Jackson v. County Trust Co., 176 Md. 505, 6 A. 2d 380. In this latter case the Maryland Court of Appeals held that despite the legally defective mortgage, the mortgagee had an equity superior to merely subsequent *judgment creditors.* In this case the referee did not consider whether the mortgage could be sustained as an equitable mortgage

because he found that it was a valid legal mortgage. And this question as to an equitable mortgage, if any, was not argued by counsel at the hearing before me and is now not passed on. Compare Davis v. Harlow, 130 Md. 165, 100 A. 102; and see, also In re Shapiro, D.C., 35 F.Supp. 579, 585, affirmed sub nom. Sandler v. Freeny, 4 Cir., 120 F.2d 881; In re Bowling Const. Corp., D.C., 19 F.2d 604, affirmed, 4 Cir., 23 F.2d 403.

Counsel for the mortgagees refer to an opinion of the Attorney General of Maryland, 20 Op. Atty. Gen. 695, which it is said approves a form of chattel mortgage which does not contain the additional affidavit of the agent herein referred to. It does not appear, however, that the attention of the Attorney General was specifically directed to the point here discussed. Counsel also refers to the Maryland Code, Art. 58A, §§ 16 and 17, regulating business of small loan brokers, but I find nothing therein which affects the present question.

The other objection to the validity of the mortgage (first presented here) is that the affidavit of the agent was made before a notary public *who was one of the mortgagees.* In my opinion this also invalidates the mortgage as a matter of public policy. It is said by counsel for Simpson & Co. that it was not the practice for the partner who was a notary public to certify to the acknowledgments and affidavits of chattel mortgages made to the firm and that the particular instance was due merely to inadvertence. It seems quite clear on the authorities that a party to a mortgage may not properly act as a supposedly indifferent and impartial officer to take the required acknowledgment and affidavit; and it has been expressly so decided in Maryland. United States F. & G. Co. v. Shoul, 161 Md. 425, at page 428, 157 A. 717, at page 718, where the Court said: "Mr. Tiffany, in his work on Real Property, says in volume 2 (2d Ed.) p. 1729: 'It is generally agreed that an officer who is beneficially interested in a transaction cannot take an acknowledgment.' This statement of law is in accord with the general authorities. To allow the grantee in a deed who is beneficially interested in the grant to take the acknowledgment would be against public policy, and would practically defeat the real purpose of the law, which is to prevent the perpetration of fraud on the grantors, and to afford a reasonable assurance to those who deal on the faith of such

instruments that they are genuine and represent bona fide transactions." See also 1 C.J.S., Acknowledgments, §§ 52, 53 and 57, pp. 821 and 827. In section 57 it is said that an instrument acknowledged before a disqualified officer is ordinarily void *as between the. parties,* and, as to third persons is as if unacknowledged. But is is noted that some cases have held that nevertheless the instrument is constructive notice to third persons where the defect is latent. Even if this proposition as to constructive notice is in accord with the Maryland decisions (as to which no opinion is expressed) the exception would not be applicable here because the defect was not latent. The mortgage was made to A. L. Simpson & Co. and the certificate or acknowledgment and affidavit is made by Albert L. Simpson, who was one of the mortgagees, as a partner. 1 C.J.S., Acknowledgments, § 53, subd. f. See also Md. Code of 1939, Art. 68, § 11, with regard to acknowledgments before a Notary Public who is a stockholder, director, officer or employe of a bank, and Wolf v. Union Trust Co., 150 Md. 385, 387, 133 A. 121.

■ Counsel for Simpson & Co. also refer to the effect of the Maryland Act of 1941, c. 141, approved April 15, 1941, and effective June 1, 1941. This Act is one periodically passed by the Legislature to validate previously defectively executed conveyances, where the defects consist of certain stated particulars. It is perhaps doubtful whether the Act is broad enough in terms to cure the defect in the acknowledgment and affidavit resulting from the fact that the mortgage was acknowledged and sworn to before one of the mortgagees as a notary public; but even if it could be held that the Act is sufficiently broad in this respect, it is nevertheless apparent from the Act itself that it was not effective with respect to the rights of subsequent creditors who became such after the making of the mortgage on March 27, 1941, and before the effective date of the Act, June 1, 1941. It is agreed by counsel that there were a number of such intervening creditors whose claims arose within this period. See also Md. Code of 1939, Art. 21, §§ 100 to 107; In re Universal Storage & Transfer Co., D.C.Md., 4 F.Supp. 425, 429, affirmed sub nom. Skutch v. Buch, 4 Cir., 70 F.2d 107; Friedman v. Sterling Refrigerator Co., 4 Cir., 104 F.2d 837.

■ For these reasons I am constrained to hold that the chattel mortgage in this case was invalid as to subsequent creditors, and in bankruptcy therefore invalid as to all creditors. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198. It results that the order of the referee finding the mortgage not defective must be and it is hereby *reversed;* and the case is remanded to the referee. As has been said, the question whether the mortgage is enforceable against the trustee in bankruptcy as an equitable mortgage was not considered by the referee, nor raised here by counsel for the mortgagees.